

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2009

# Vorum v. Twp of Canton

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3815

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Vorum v. Twp of Canton" (2009). *2009 Decisions.* Paper 1928.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1928

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3815
_____

ELIZABETH EELKEMA VORUM;
VORUM'S STABLES, LLC, a Pennsylvania limited liability corporation;
ELIZABETH A. EELKEMA, as Executrix of the Estate of Daniel F. Vorum,

Appellants

v.

CANTON TOWNSHIP;
CHAD M. SMITH, individually and as Supervisor of Canton Township;
EMIL STANISH, individually and as Supervisor of Canton Township

On Appeal From the United States District Court
for the Western District of Pennsylvania
(No. 05-cv-00059)
District Judge: Honorable Terrence McVerry

Submitted Under Third Circuit LAR 34.1(a)
October 1, 2008

Before: FISHER, CHAGARES, and HARDIMAN Circuit Judges.

(Filed : February 04, 2009)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Elizabeth Eelkema Vorum, individually and as executrix of the estate of her late husband Daniel Vorum, and Vorum's Stables, LLC, appeal from a grant of summary judgment on their civil rights action against Canton Township and two members of its Board of Supervisors (BOS). We will affirm.

I.

Because we write solely for the benefit of the parties, we will briefly summarize only the essential facts.

The Vorums owned Vorum's Stables, LLC, a company that operates a horse-racing track in Pennsylvania's Canton Township. In February 2002, they received authorization from the relevant state and local authorities to hold a one-day charity race on the property. However, they angered Emil Stanish and Chad Smith, two members of the Canton BOS, who believed that certain structures built on the property specifically for that race — namely, a judges' tower and a photo-finish booth — violated Canton zoning laws. In July 2002, Stanish sent an e-mail to Smith and Township Manager Samuel Stockton complaining about Daniel Vorum and calling him a "snake."

But the Vorums decided to enlarge, rather than shrink, the scope of their horse-racing activities. In particular, they sought a license to conduct horse-racing and pari-mutuel wagering at their racetrack on a regular basis. Canton zoning law, however, prohibited these activities in the part of the township where the property was located. So,

2

in September 2002, the Vorums challenged the local zoning ordinance and petitioned the BOS for permission to use their property for regular horse-racing. The BOS sat as a three-member panel composed of Stanish, Smith, and George Vitteck, and convened several public hearings before beginning its deliberations. In November 2002, while the Vorums' petition was pending, Smith sent an e-mail to Stanish and Stockton stating that they could thwart the Vorums' plans if they planted historical artifacts, like arrowheads, throughout the Vorums' property.

In April 2003, the BOS issued a unanimous opinion denying the Vorums' request. Because he owned land adjoining the Vorums' property, Stanish did not participate in the decision or cast a vote.

The plaintiffs filed a complaint against Canton Township and against Smith and Stanish personally under 42 U.S.C. § 1983, arguing, inter alia, that the defendants denied them substantive due process because the e-mails revealed that BOS members made their decisions based upon personal bias. The District Court granted summary judgment against the plaintiffs, and they appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1343(a), and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over the District Court's grant of summary judgment. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008). That is, we will

3

view the evidence in the light most favorable to the Vorums and draw all justifiable, reasonable inferences in their favor. Id. We will affirm only if there is no genuine issue of material fact with respect to one or more elements of the Vorums' claim and if the defendants are entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c).

## III.

Federal courts do not sit as super zoning tribunals, passing on local land-use decisions that have already been subjected to state-court appellate review. United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 402 (3d Cir. 2003). Accordingly, in this case, we are called upon not to determine whether the BOS's decision was wise or correct, but to examine whether the municipality violated plaintiffs' substantive due process rights under the Fourteenth Amendment. A zoning decision does not implicate the Fourteenth Amendment's substantive due process protections merely because the decisionmaker had an improper motive. Id. Rather, the zoning body's conduct must "shock the conscience." Id. at 401 (adopting test announced in County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)).

This standard is a demanding one: only "the most egregious official conduct" qualifies. Lewis, 523 U.S. at 846. Particularly relevant for the purposes of this appeal, a state actor's decision is not conscience-shocking if it is related to a legitimate governmental objective. Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 505 (2d Cir. 2001) (holding that zoning board's "legitimate interests which could rationally be

4

furthered through the denial of [plaintiff's] application" for a permit precluded substantive due process violation); see Lewis, 523 U.S. at 849 ("[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level.").

Here, no genuine issue of material fact exists as to whether the BOS's decision to deny the Vorums' request was related to a legitimate governmental objective. The Vorums never contested the BOS's factual finding that use of their property as a regular racetrack would unacceptably interfere with traffic flow at several nearby intersections. See Appendix (App.) 265 (BOS Findings of Fact ¶¶ 60-62), 314 (Notice of Land Use Appeal ¶ 9(m)) (indicating that those findings are not contested). Further, the Vorums never contested the BOS's legal conclusion that, regardless of the validity of the local zoning ordinance, the state municipal planning code allowed the BOS to consider traffic-flow concerns in deciding whether to grant a zoning request. See App. 273 (BOS Conclusions of Law ¶ 37(a)) (citing 53 Pa. Cons. Stat. § 10609.1), 314 (Notice of Land Use Appeal ¶ 9(n)) (indicating that conclusion is not contested). That is, the Vorums do not appear to contest that the BOS's decision may be justified by reference to settled principles of state and local law.

Although they do not cast their argument this way, the Vorums appear to contend that, notwithstanding this legitimate justification, the BOS in fact denied the request in order to vindicate its members' personal grudges. That is, notwithstanding the legitimate

5

governmental objective, the BOS acted out of an improper motive in reaching its decision. However, in United Artists, we adopted the "shocks the conscience" test for land-use decisions and expressly rejected the less-demanding "improper motive" test. See 316 F.3d at 400.

IV.

Because there is no genuine issue of material fact, and because the defendants are entitled to judgment as a matter of law, we will affirm the District Court's grant of summary judgment.[1]

---

[1] We recognize that the District Court reached its conclusion on somewhat different grounds. Namely, without determining whether the BOS had a legitimate land-use reason for denying the Vorums' application, the District Court held that, while the "emails [sent among BOS members] fall short of the standard of excellence in public service, to say the least," they simply do not shock the conscience. App. 17. We agree with the District Court's analysis.